## SUPREME COURT.

ALBERT E. HINES, *respondent*, agt. CHARLES W. STRONG, *appellant*.

Where the plaintiff, in an action to recover the value of a watch, testifies on the trial to a state of facts tending to show that the watch was pledged to defendant for a loan of money, but in such a contradictory manner that the jury would have been authorized to find that the watch was sold to the defendant, as defendant's evidence tended to prove, and not pledged for a loan of money, as claimed by the plaintiff, and the jury find a verdict for the plaintiff, this court, on appeal, will not disturb the verdict.

Where, on a pledge of property for a certain sum of money borrowed, it is agreed by the pledgor to pay a certain sum as a bonus for the use of the money, a tender of the principal sum with the amount of the bonus, without interest, is a sufficient tender to redeem. In the absence of any agreement to pay interest, the amount of the bonus must be considered to be in lieu thereof.

*Fourth Department, General Term, May,* 1873.

*Before* MULLIN, *P. J.*, TALCOTT *and* E. DARWIN SMITH, *JJ.*

APPEAL from a judgment for plaintiff at special term.

FULLER, VANN & BROOKS, *for defendant and appellant.*

The plaintiff was the owner of a gold watch worth $125, and, desiring to raise money on it, applied to the defendant to advance him a certain sum thereon.

The defendant let him have eighty-two dollars, and took the watch with the understanding that the plaintiff might have it back again upon paying eighty-seven dollars, within thirty days, after which time the watch was to belong to the defendant.

The plaintiff at first testified to a different arrangement, but finally assented to the above as the truth.

After the expiration of the time within which the. eighty-seven dollars was to be paid, according to the agreement, the plaintiff tendered that sum *without interest* and demanded the watch of the defendant.

The defendant refused to accept the money and did not give up the watch, whereupon the plaintiff sued him for converting the same to his own use.

The court allowed the jury to find whether the transaction was a loan or a conditional sale, and they found for the plaintiff upon that point.

The case was then reserved for future consideration, with leave to the defendant to move for a nonsuit or for a new trial, which motion, upon being made, was denied and judgment was thereupon ordered in favor of the plaintiff.

The defendant appealed from the order denying his motion for a nonsuit and for a new trial and directing judgment for the plaintiff as well as from the judgment entered thereon.

The chief question in the case is whether the agreement between the parties in relation to the watch was a pledge, as claimed by the plaintiff, or a conditional sale, or mortgage, as claimed by the defendant.

I. The parties agreed that if the plaintiff failed to pay the specified sum within the specified time, the defendant was to have the watch (*See the testimony of Strong and Van Husen, which was not contradicted*).

See statement of the plaintiff. No other witness was sworn upon the subject of the agreement.

The plaintiff is bound by the statement which he admitted to be true.

II. The effect of this agreement was, upon the failure of the plaintiff to redeem within the specified time, to vest the legal title to the watch in the defendant.

This follows, unless the agreement amounted to nothing more than a simple pledge. If it was a mortgage or condi-

tional sale, then the plaintiff has no remedy at law, and he should have sought relief in equity.

III. A pledge consists of a delivery of goods by a debtor to his creditor, to be held until the debt or obligation is discharged, and then to be redelivered to the pledgor; the title not being changed during the continuance of the pledge (*Parshall* agt. *Eggart*, 52 *Barb.*, 367–374; *Story on Bailments*, § 286, *2d ed.*).

A pledge is a delivery of goods by a debtor to his creditor, to be kept till the debt is discharged (*Markham* agt. *Jaudon*, 41 *N. Y.*, 235–241; 2 *Kent*, 577; *Jones on Bailm.*, 117; *Bouv. Inst.*, 419–242).

From these definitions, it is seen that in the contract of pledge the conditions are: (1) the property must be delivered; (2) it must be held until the debt is paid; (3) it must be redelivered on payment of the debt.

There are no conditions involving a forfeiture. There is no changing of the title. There is no conflict between the principles here maintained and the opinion of the court in *Wilson* agt. *Little* (2 *Comstock*, 443, *at page* 447) when carefully compared.

IV. A chattel mortgage is a sale, conveying the title of the property to the mortgagee with terms of *defeasance*, and if the terms of redemption are not complied with, then, at law, the title becomes *absolute* in the mortgagee.

The nature of the *agreement* must be such that by the mere non-performance of the conditions by the mortgagor, the title will vest in the mortgagee *by the force of the agreement* (*Parshall* agt. *Eggart*, 52 *Barb.*, 371; *Langdon* agt. *Buel*, 9 *Wend.*, 83; *Brownell* agt. *Hawkins*, 4 *Barb.*, 491–493; *Brown* agt. *Bement & Strong*, 8 *Johns.*, 96; *Woodworth* agt. *Morris*, 56 *Barb.*, 9).

V. A pawnee does not acquire title to the property simply by the pawnor failing to pay the debt at the time specified.

The pawnor's rights under the contract must be foreclosed; until then there is no forfeiture (*Brownell* agt. *Hawkins*, 4 *Barb.*, 493, *and cases cited*).

A mortgagee *by his agreement* acquires title to the thing mortgaged, subject only to right of the mortgagor to redeem by complying with an express condition, the time being specified, and a failure on the part of the mortgagor to comply with the conditions of his contract, *by force of the contract,* transfers the title absolutely to the mortgagee. The authorities make the distinction exceedingly clear.

VI. The *agreement,* as stated by the plaintiff himself on the witness stand, was as follows:

" The agreement was, I was to redeem it in sixty days, and if not redeemed in that time by paying eighty-seven dollars, *he was to have it.*"

This agreement has every attribute of a chattel mortgage. The title passed to the mortgagee, subject only to the right of the mortgagor to redeem within the time specified. Failing to *redeem,* the title vested absolutely in the mortgagee, *by force of the agreement.*

The transaction cannot be called a contract of pledge, without ignoring entirely the *agreement itself,* and the *intent* of the parties, if *any* intent is to be gathered from the agreement.

VII. If the court finds the agreement in question to be a *pledge,* in that case the plaintiff is not entitled to recover

To entitle a pledgor to a return of his property, he must make a tender that covers both principal and *interest (Woodworth* agt. *Morris,* 56 *Barb.,* 97).

No tender was made in this case, covering the principal and the interest, hence the plaintiff was not entitled to a return of the property.

VIII. The order and judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

GOTT & GARFIELD, *for plaintiff and respondent.*

This action is brought to recover the value of a watch, alleged to have been unlawfully converted by the defendant.

Hines agt. Strong.

The answer is the general issue.

Upon the trial the plaintiff gave evidence tending to show that some time during the summer of 1871 he purchased the watch in question of Dennis Valentine, a jeweler at Syracuse; that afterwards he pawned it to Mr. Blair; and while it was in Blair's possession plaintiff procured one Van Heusen to take it from pawn, he (Van Heusen) to advance eighty-two dollars, and take the watch and hold it as security until payment of the sum advanced. After Van Heusen advanced the money and took the watch, plaintiff procured the defendant to advance the eighty-two dollars, and take the watch and hold it as security until repayment of the sum advanced, together with the sum of five dollars. This loan was to be repaid in thirty or sixty days. Before the expiration of the time agreed on, the plaintiff went to the defendant and procured him to agree to extend the time of payment for a few days. The next day, after the extension was granted, plaintiff went and procured one Hayden to go with him to defendant and advance the money to take the watch out of pawn. The defendant was absent; upon his return the money was tendered, the watch demanded, and the defendant refused to accept the money or surrender the watch. The same money was kept and paid into court on the trial.

The defendant gave evidence tending to show that he bought the watch absolutely, with an agreement, also, that plaintiff might repurchase within thirty days, and that plaintiff did not repurchase.

The watch was agreed to be worth $125.

Upon these facts the court declined to nonsuit the plaintiff, and submitted the case to the jury, with instructions that if they should find the transaction to have been a loan of money by defendant to plaintiff, and the taking of the watch as security for its repayment, then they should find a verdict in favor of the plaintiff. That if they should find the transaction between the plaintiff and defendant to have been an absolute sale of the watch, coupled with an agree-

ment to resell, then they should find a verdict for the defendant.

The jury found a verdict in favor of the plaintiff.

Judgment having been suspended, with liberty to the plaintiff to move at special term for judgment, upon such application being made, judgment was ordered in favor of plaintiff; and from the judgment the defendant has appealed to this court.

I. The transaction between the plaintiff and defendant was a pawn or pledge, and not a mortgage of the watch (*Brownell agt. Hawkins*, 4 *Barb.*, 491; *Hasbrouck* agt. *Vandervoort*, 4 *Sand.*, 74; *Wilson* agt. *Little*, 2 *Coms.*, 443; *Reeves* agt. *Coppen*, 5 *Bing. N. C.*, 142).

II. The extension of the time within which the plaintiff might pay the sum loaned was valid.

III. Even though there was a failure to pay within the time provided for by the agreement, still the defendant acquired no greater interest in the watch than he before had; and this was merely a special property to retain the goods for his security. There can be no forfeiture until the pawnor's rights are foreclosed (*Brownell* agt. *Hawkins*, 4 *Barb.*, 492; note *Smith's Leading Cases*, vol. 1, *p.* 360, *ed. of* 1866).

IV. Trover lies against a pledgee of property, who, upon tender of the sum loaned, refuses to redeliver (*Brownell* agt. *Hawkins*, 4 *Barb.*, 492; note *Smith's Leading Cases*, vol. 1, *p.* 352, *ed. of* 1866).

V. An action in equity, to redeem the thing pawned, will not lie, unless there are some special circumstances or facts existing which render it necessary to take an account (*Hasbrouck* agt. *Vandervoort*, 4 *Sand.*, 74).

Equitable jurisdiction is maintained when the plaintiff seeks a redelivery of the precise thing pledged. But when, as in this case, the plaintiff only demands compensation in damages for a failure or refusal to deliver, the remedy at law is adequate (*Wilson* agt. *Little*, 2 *Coms.*, 443; *Allen* agt. *Dykers*, 3 *Hill*, 593).

By non-payment of a mortgage at the day, the mortgagee (of chattels) acquires the legal title. Not so of a pledge; and this is the distinction. In the case of the forfeiture, under a mortgage, equity only can relieve; while, in the case of a pledge, the pledgor's interest remains the same as before the expiration of the pay day (*Story on Bail.*, § 287; *note to Coggs* agt. *Bernard*, 1 *Smith's Leading Cases, p.* 360, *ed. of* 1866).

VI. Tender of the amount due discharges the lien (*note to Coggs* agt. *Bernard*, 1 *Smith's Leading Cases, p.* 352, *ed. of* 1866).

VII. An agreement, even, that upon default in payment at the stipulated day the property pawned should belong absolutely to the pawnee, is void, and the pawnor may still redeem (*Story on Bail.*, § 318; 2 *Story Eq. Jurisp.*, §§ 1008, 1009, 1019, 1031; *Garlick* agt. *James*, 12 *John.*, 143).

VIII. The facts in the case have been found by the jury adversely to the defendant's theory; and the court will not disturb the verdict, as it was found upon conflicting evidence.

The judgment should be affirmed, with costs.

*By the Court,* MULLIN, *P. J.*—On the trial of this cause the plaintiff gave evidence tending to prove that he delivered to the defendant a watch in pledge to secure the payment of eighty-two dollars borrowed by the former of the latter.

The defendant gave evidence tending to prove that the plaintiff sold him the watch for eighty-two dollars, under an agreement on his part to sell the watch back to the plaintiff on payment of the sum of eighty-seven dollars. The court instructed the jury that if the plaintiff sold the watch to the defendant, as testified to by the defendant, the plaintiff was not entitled to recover; but if the watch was delivered to the defendant as security for the loan of money the plaintiff was entitled to recover. The jury found for the plaintiff, thus finding the transaction between the parties to be a pledge and not a sale of the watch. Upon this finding the

plaintiff was entitled to a judgment on the verdict. It appears that the plaintiff had been examined in proceedings supplementary to execution, and testified that the watch was delivered to the defendant under an agreement to sell it to him, and for a repurchase of it on the expiration of thirty days, on payment of five dollars in addition to the sum paid for the watch by defendant. The plaintiff also testified that the watch was delivered to the defendant by way of pledge, redeemable in thirty days on payment of five dollars in addition to the sum borrowed. He admitted having testified in the supplementary proceedings as stated above and reaffirmed the truth of the statement, but yet insisted that there was no sale to defendant, and excused the discrepancy by saying that at the time of his examination in the supplementary proceedings he was hard pressed, and that he intended to prevent the creditors from getting the watch, but he did not intend to swear to a lie. The jury would have been justified in finding the facts as sworn to in the supplementary proceedings, and if they had their verdict should have been for the defendant. But they accepted the other version of the transaction, as they had the right to do, and taking it to be true their verdict was right.

The appellant's counsel insisted that the plaintiff should have tendered the interest on the whole sum borrowed together with the eighty-seven dollars. I do not think so. None of the witnesses testify to an agreement to pay interest in addition to the five dollars bonus to be paid for the use of the money. In the absence of such an agreement the five dollars must be held to be in lieu of interest.

The judgment must be affirmed.